## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL MACK (#350737)**                    **CIVIL ACTION NO.**

**VERSUS**                                    **20-444-JWD-EWD**

**JAMES LeBLANC, ET AL.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MICHAEL MACK (#350737)**                    **CIVIL ACTION NO.**

**VERSUS**                                    **20-444-JWD-EWD**

**JAMES LeBLANC, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of Michael Mack ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1]  Based on the screening process for such complaints, it is recommended that the following claims be dismissed as legally frivolous and/or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A: all claims against James LeBlanc ("LeBlanc"), Darrel Vannoy ("Vannoy"), Brent Thompson ("Thompson"), Major Holden ("Holden"),[2] and "John Does;" claims against all Defendants arising from an alleged conspiracy; claims of deliberate indifference; and claims for monetary damages against Blake Juneau ("Juneau") in his official capacity for monetary damages.  It is further recommended that this matter be referred to the undersigned for further proceedings on Plaintiff's remaining claims, *i.e.*, Plaintiff's claims against Juneau in his official and individual capacities for declaratory relief and for monetary relief in Juneau's individual capacity for the act of excessive force allegedly occurring on May 28, 2019.

---

[1] R. Doc. 1.
[2] Major Holden's first name is unknown.  *See* R. Doc. 1.

## II.    Background

Plaintiff brought this suit on July 9, 2020 against LeBlanc, Vannoy, Thompson, Holden, Juneau, and John Does[3] under 42 U.S.C. § 1983 alleging that Defendants violated his First, Eighth, and Fourteenth Amendment rights.[4]  Plaintiff seeks declaratory and monetary relief.[5]

## III.    Law& Analysis

### A.  Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss a claim by a prisoner against a governmental entity or an officer or employee of a governmental entity, or by any other plaintiff who has been granted IFP status, if the claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[6]  The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.  Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

---

[3] Though these are the only named Defendants, Plaintiff alleges "Gooden, Lamartiniere…Davis (1) and Davis (2)" conspired to deprive Plaintiff of his constitutional rights "when they compounded the actions of defendant Lt. Blake Juneau."  R. Doc. 1, p. 7.  No specific factual allegations are made as to any of these individuals.  To the extent Plaintiff means to include these individuals as defendants, as well as the "John Does," in Plaintiff's allegations against "all parties" and "Defendants," generally, such claims are subject to dismissal for the same reasons discussed below. *See infra* §§ III B-E.

[4] Though Plaintiff alleges he is only stating Eighth and Fourteenth Amendment violations (R. Doc. 1, p. 3), it appears from the Complaint that he may be attempting to allege a retaliation claim, which arises under the First Amendment.  Out of an abundance of caution, and because *pro se* complaints are to be liberally construed, this potential claim will also be evaluated.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[5] R. Doc. 1, p. 8.

[6] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff.  Plaintiff was granted IFP on December 10, 2019, so both statutes apply.  R. Doc. 3.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Fed. R. Civ. Proc. 12(b)(6).[7]  Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.[8]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]  For a complaint to survive dismissal, it "must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim."[11]

While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[12] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[13] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[14] A claim is also subject to dismissal if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[15]

---

[7] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).

[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *Id.*

[11] *AGEM Management Services, LLC v. First Tennessee Bank Nat. Ass'n*, 942 F.Supp.2d 611, 617 (E.D. La. April 25, 2013), *citing Lormand v. U.S. Unwired, Inc*., 565 F.3d 228, 255-57 (5th Cir. 2009)

[12] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

[13] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

[14] *Denton*, 504 U.S. at 33, *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[15] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

### B.  Plaintiff Cannot State Claims Against LeBlanc & Vannoy

With respect to LeBlanc and Vannoy, Plaintiff's only allegations are that they "conspired to deprive the Plaintiff of his constitutional rights, civilly when they compounded the actions of defendant Lt. Juneau."[16] A plaintiff who asserts conspiracy claims under civil rights statutes, such as § 1983, must plead the operative facts upon which their claim is based.[17]  "Bald allegations that a conspiracy existed are insufficient."[18]  Plaintiff has failed to state a claim for conspiracy because he has not provided any facts upon which the Court may infer that a conspiracy existed between any Defendants named in this action and he has not supported his allegations of conspiracy with any facts demonstrating the existence of an agreement between Defendants to deprive him of his constitutional rights.[19]

To the extent Plaintiff seeks to hold LeBlanc and Vannoy liable as a result of their supervisory roles,[20] he fares no better.[21]  Supervisory officials may be held liable under § 1983 only if they actively participate in acts that cause the constitutional violation or implement unconstitutional policies that causally result in plaintiff's injury.[22]  Any allegation that a named defendant is responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is not enough to state a claim under §1983.[23]

---

[16] R. Doc. 1, p. 7.

[17] *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987).

[18] *Id.*

[19] *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1992). To the extent Plaintiff alleges any other Defendant or individual was involved in a conspiracy to "cover up" Juneau's actions (R. Doc. 1, p. 6), those claims fail for the same reasons as the conspiracy claims against LeBlanc and Vannoy fail: the allegations are conclusory, and Plaintiff has provided no facts to support a conspiracy.

[20] Plaintiff states LeBlanc and Vannoy are "heads" of the Louisiana Department of Corrections and LSP, respectively. R. Doc. 1, p. 2.

[21] To the extent the other individuals listed by Plaintiff but not named as Defendants are listed due to their supervisory roles, Plaintiff's claims against these individuals due to their supervisory roles would fail for the same reasons his claims against LeBlanc and Vannoy fail.

[22] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).

[23] *See Iqbal*, 556 at 676, *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)).  *See also Bell v. Livingston*, 356 Fed. Appx. 715, 716-17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability.").

Further, if the supervisory official does not personally participate in the alleged constitutional violation, an inmate plaintiff must be able to show that his constitutional rights were violated because a subordinate followed the supervisor's wrongful policies or because the supervisor breached an affirmative duty specially imposed by state law.[24]  To establish liability based on a policy, the policy must be so deficient that it can be seen as the moving force behind a constitutional violation.[25]

Plaintiff has not alleged that LeBlanc or Vannoy established any policies, much less policies so deficient that the policy itself constitutes a denial of constitutional rights.  Due to the lack of facts to support the allegation of conspiracy, lack of personal involvement, and lack of facts to indicate the implementation of any policy that was the moving force of the alleged violation, Plaintiff's claims against LeBlanc and Vannoy are subject to dismissal.[26]

### C.  Plaintiff Cannot State a Claim for Due Process or Equal Protection

Plaintiff's allegation that a false disciplinary report was filed against him fails to state a claim, as does any claim regarding Thompson attempting to persuade Plaintiff to plead guilty to the disciplinary charge.  The law is clear that the issuance of one or more false disciplinary reports, even when the report results in punishment, is not a constitutional violation provided that the disciplinary proceeding was otherwise fair and adequate to allow the inmate to clear himself of the charges.[27]  Moreover, the procedures governing prison disciplinary proceedings do not implicate any constitutionally protected liberty interest unless the resulting punishment has subjected an inmate to an unusual and significant deprivation (evaluated in the context of prison life).[28]  A

---

[24] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

[25] *Thompkins v. Belt*, 828 F.2d 298 (5th Cir. 1987).

[26] To the extent Plaintiff has named Thompson and Holden because of their supervisory roles, those claims are subject to dismissal for the same reasons as the supervisory liability claims against LeBlanc and Vannoy.

[27] *See Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984).

[28] *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

disciplinary sentence of a quarters change to segregated confinement, as occurred here, is not so unusual as to support a claim that Plaintiff's procedural due process rights were violated, absent other factors.[29]

Because Plaintiff does not have any inherent due process rights in the disciplinary proceedings under these facts, he cannot state a claim against Thompson for Thompson's alleged attempt to persuade Plaintiff to plead guilty to the disciplinary charge, nor against Holden for allegedly lying during that proceeding.[30]  Accordingly, Plaintiff's claims arising from the alleged false disciplinary report and disciplinary proceedings should be dismissed for failure to state a claim upon which relief may be granted.[31]

With respect to Plaintiff's alleged equal protection claim, he merely states he was denied "Equal Protection in violation of his 14th Amendment to the U.S. Const."[32]  None of the facts in Plaintiff's Complaint are indicative of an equal protection violation.  Further, because Plaintiff does not allege that he is a member of a protected class, he would be asserting a "class of one" claim.[33]  To succeed with a "class of one" claim, a plaintiff must show that he or she was intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment.[34]

This Court has previously held that class of one equal protection claims arising from disciplinary decisions are not cognizable, stating as follows:

> Due to the unique nature of every disciplinary proceeding and of
> continued segregation arising from such proceedings…a class of

---

[29] *Id.*

[30] *Wilson v. Haas*, No. 11-7001, 2012 WL 6761819, at *9 (D.N.J. Dec. 28, 2012) (no due process claim when officer attempted to persuade the plaintiff to plead guilty to disciplinary charges).

[31] To the extent Plaintiff is trying to allege due process violations against any other Defendant because of the disciplinary charge or proceedings, those claims would fail for the same reasons as Plaintiff's claims against Juneau, Thompson, and Holden.

[32] R. Doc. 1, p. 7.

[33] *Engquist v. Oregon Dep't. of Agr.*, 553 U.S. 591, 594 (2008).

[34] *Id.* at 601.

one equal protection claim is not cognizable with respect to claims
regarding prison disciplinary proceedings and subsequent prisoner
classification and placement due to the vast discretion involved in
such decisions.[35]

Thus, Plaintiff's equal protection claim should be dismissed for failure to state a claim.[36]

### D. Plaintiff Cannot State a Claim for Retaliation

It appears Plaintiff is attempting to state a claim of retaliation against Thompson based on

an allegation that Thompson attempted to bribe Plaintiff not to file a grievance.[37]  Claims of

retaliation by prison inmates are viewed with skepticism, lest the federal courts potentially embroil

themselves in every adverse action that occurs within a penal institution.[38] Accordingly, to prevail

on a claim of retaliation, a prisoner must establish (1) that he was exercising or attempting to

exercise a specific constitutional right, (2) that the defendant intentionally retaliated against the

prisoner for the exercise of that right, (3) that an adverse retaliatory action, greater than *de minimis,*

was undertaken against the prisoner by the defendant, and (4) that there was causation, *i.e.,* that

"but for" the retaliatory motive, the adverse action would not have occurred.[39] To pass the *de*

*minimis* standard for a retaliatory act, a plaintiff must allege an adverse act that "is capable of

deterring a person of ordinary firmness from further exercising his constitutional rights."[40]

---

[35] *See Escobarrivera v. Vannoy, et al.*, No. 19-498, 2021 WL 1604872 (M.D. La. Feb. 24, 2021) (internal quotation marks and citations omitted), *report and recommendation adopted Escobarrivera v. Vannoy*, No. 19-498, 2021 WL 943106 (M.D. La. March 12, 2021).

[36] To the extent this claim was intended to be made against any other individuals, such as Gooden, Lamartiniere, Davis (1), Davis (2), or the John Doe Defendants, it fails for the same reasons. R. Doc. 1, pp. 6-7.

[37] R. Doc. 1, p. 5.

[38] *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995).

[39] *Morris v. Powell,* 449 F.3d 682, 684 (5th Cir. 2006). *See also Hart v. Hairston,* 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger,* 188 F.3d 322, 324–25 (5th Cir. 1999).

[40] *Morris,* 449 F.3d at 686.

The chronology of events[41] alleged by Plaintiff is insufficient to demonstrate causation. Plaintiff alleges on May 30, 2019, he was brought to disciplinary court as a result of a false disciplinary report authored by Juneau for the incident occurring on May 28, 2019.[42]  The hearing on the report was deferred, but Plaintiff was placed in administrative segregation on June 3, 2019, apparently pending a hearing.[43]  On June 10, 2019, Plaintiff was found guilty at a hearing, but he was released from administrative segregation one week later.[44]  "Days later," after Plaintiff had been released from administrative segregation, his disciplinary appeal was granted.[45]  *After* the filing of the allegedly false disciplinary report and *after* Plaintiff was released from administrative segregation, he filed a grievance, presumably regarding the incident with Juneau occurring on May 28, 2019.[46]  Accordingly, the adverse act (either the filing of the allegedly false disciplinary report, or confinement in administrative segregation), occurred prior to the filing of the grievance. Causation or motivation cannot be inferred from this chronology of events; rather, the adverse act must occur *after* the filing of the grievance.[47]  Accordingly, Plaintiff has not stated a claim for retaliation.[48]

---

[41] To demonstrate causation for purposes of a retaliation claim, an inmate may not rely on conclusory allegations; rather, the inmate must produce either direct evidence of motivation or allege a chronology of events from which retaliation may be plausibly inferred, which is the more probable scenario and is what must be shown here.  *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. Aug. 15, 1995).

[42] R. Doc. 1, pp. 3-4.

[43] R. Doc. 1, p. 5.

[44] R. Doc. 1, p. 5.

[45] R. Doc. 1, p. 5.

[46] R. Doc. 1, p. 5.

[47] *See Rogers v. Flores*, 273 F.3d 1100, 1100 (5th Cir. 2001) (refusing to find causation where the adverse act occurred prior to the filing of grievances).

[48] To the extent Plaintiff sought to allege the attempted bribery as an adverse act in and of itself, the Court need not determine whether bribery may constitute an adverse act because, even if so, the attempted bribery also occurred prior to the filing of the grievance, such that Plaintiff cannot establish causation.  Though attempted bribery is grave misconduct, it is questionable whether bribery would constitute an adverse act for purposes of a retaliation claim. *See Watts v. Ruggiero*, No. 13-1749, 2016 WL 916233, at *22-23 (E.D. Ca. March 10, 2016) (casting doubt as to whether an unsuccessful bribery attempt may constitute an adverse act).

### E.  Plaintiff Cannot State a Claim for Deliberate Indifference

To state a claim of deliberate medical indifference, an inmate plaintiff must demonstrate that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs."[49]  "[S]ubjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[50] The *Farmer* case lays out both an objective prong and a subjective prong for determining deliberate indifference.[51] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[52] *Farmer's* "subjective" prong, requires a showing that prison officials acted with a "sufficiently culpable state of mind."[53] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[54] That the plaintiff has not received the treatment he believes he should is not enough absent exceptional circumstances.[55]  Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.[56] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[57]

---

[49] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).
[50] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[51] *Id*. at 837.
[52] *Id.* at 834, *quoting Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[53] *Id.*
[54] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble, supra*.
[55] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[56] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).
[57] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff alleges that he was not allowed to shower after being sprayed with the chemical agent;[58] however, courts have previously held that refusing to allow an inmate to shower after exposure to chemical spray does not rise to the level of deliberate indifference.[59] Similarly, though Plaintiff alleges he was denied medical attention for two days after being sprayed,[60] a mere delay in medical care is insufficient to state a claim for deliberate indifference if there is not a showing of both a culpable state of mind and a resulting substantial harm.[61] Plaintiff has not alleged any facts to support either. Accordingly, Plaintiff's claims for deliberate indifference must fail as a matter of law.

### F.  Plaintiff Has Stated an Individual Capacity Claim Against Juneau; Official Capacity Claim for Monetary Damages Should be Dismissed

#### i.  Plaintiff Cannot State an Official Capacity Claim Against Juneau for Monetary Damages

Plaintiff states he is suing all Defendants in their individual and official capacities,[62] but he cannot state a claim against Juneau in his official capacity for monetary damages as a matter of law. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[16] In addition, in *Hafer v. Melo*,[17] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh

---

[58] R. Doc. 1, p. 3.
[59] *See Pea v. Cain*, No. 12-779, 2014 WL 268696, *7, n. 7 (M.D. La., Jan. 23, 2014) ("a failure to allow an inmate to shower after an application of irritant spray is not the type of wrongdoing that rises to the level of deliberate indifference."), *citing Roach v. Caddo Parish Sheriff's Dept.*, No. 07-364, 2010 WL 420068 (W.D. La., Jan. 29, 2010); *Dufrene v. Tuner*, No. 05-2066, 2006 WL 2620091 (W.D. La., Aug. 14, 2006).
[60] R. Doc. 1, pp. 3-8.
[61] *Mendoza*, 989 F.2d at 195.
[62] R. Doc. 1, p. 1.

Amendment.[18] Accordingly, the § 1983 claim asserted by Plaintiff against Juneau in his official capacity for monetary damages is subject to dismissal.[63]

### ii. Plaintiff Has Stated an Individual Capacity Claim for Excessive Force Against Juneau

Force is considered excessive and violates the Eighth Amendment of the United States Constitution if it is applied maliciously and sadistically for the purpose of causing harm rather than in a good faith effort to maintain or restore discipline.[64] Although "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury,"[65] the Eighth Amendment's prohibition against cruel and unusual punishment, excludes *de minimis* uses of physical force, provided that such force is not "repugnant to the conscience of mankind."[66] Factors to be considered in determining whether an alleged use of force is excessive include the extent of injury sustained, if any; the need for the application of force; the relationship between the need for force and the amount of force utilized; the threat reasonably perceived by prison officials; and any efforts made to temper the severity of a forceful response.[67]

Plaintiff alleges that on May 28, 2019, he was awakened from a deep sleep by Juneau who ordered Plaintiff to go to the bars of his cell.[68]  Plaintiff alleges he followed the order, and, despite his compliance, Juneau sprayed Plaintiff with 30 grams of pepper spray.[69]  Based on Plaintiff's

---

[63] *See Landry v. Lollis*, No. 19-520, 2019 WL 5777755, at *2 (M.D. La. Oct. 8, 2019), *report and recommendation adopted*, No. 19-520, 2019 WL 5777388 (M.D. La. Nov. 5, 2019).
[64] *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010), *quoting Hudson v. McMillian,* 503 U.S. 1, 7 (1992).
[65] *Wilkins*, 559 U.S. at 38.
[66] *Hudson*, 503 U.S. at 10.
[67] *Id.* at 7.
[68] R. Doc. 1, p. 3.
[69] R. Doc. 1, p. 3.

allegations, taken as true, there was no need for the application of force, so any force utilized would have been excessive.[70]  Accordingly, Plaintiff has stated a claim against Juneau in this regard.[71]

### G.  Exercise of Supplemental Jurisdiction Should be Declined

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[72]  Here, because the undersigned recommends retaining only the claim of excessive force, it is appropriate to decline to exercise supplemental jurisdiction over any potential state law claim because any potential state law claim based upon these facts would require a wholly different analysis than an excessive force claim.[73]

### <u>RECOMMENDATION</u>

**IT IS RECOMMENDED** that this Court decline to exercise supplemental jurisdiction over Plaintiff's potential state law claims, that all Plaintiff's claims against James LeBlanc, Darrel

---

[70] Though qualified immunity is not discussed in this Report because it is an affirmative defense (*Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009)), raising qualified immunity on a motion to dismiss would likely not defeat Plaintiff's excessive force claim at this stage because it was clearly established at the time of this incident that an officer may not use force on a compliant inmate.  *See Aucoin v. Cupil*, No. 16-373, 2018 WL 1547347, at *3 (M.D. La. March 29, 2018) ("it was clearly established that inmates have a constitutional right to be free from the use of excessive force, and it is objectively unreasonable to assault a compliant and restrained inmate.").  Plaintiff alleges he was compliant and in his cell.  R. Doc. 1, p. 3.

[71] Additionally, Plaintiff's request for declaratory relief, which asks this Court to declare that the acts and omissions described in the Complaint violated the constitution may be maintained, insofar as it seeks declaratory relief against Juneau for the act of excessive force allegedly occurring on May 28, 2019.  *See Hutchins v. McDaniels*, 512 F.3d 193, 197 (5th Cir. 2007) (noting that it is appropriate to allow declaratory relief claims proceed in cases regarding violations of a prisoner's Constitutional rights, even where other claims for relief, such as for compensatory damages, may not proceed).

[72] 28 U.S.C. § 1367.

[73] For example, the claim of battery under Louisiana law requires a wholly distinct analysis from excessive force.

Vannoy, Brent Thompson, Major Holden, and "John Does,"[74] as well as Plaintiff's claims arising

from an alleged conspiracy against all Defendants, Plaintiff's claims of deliberate indifference,

and claims for monetary damages against Blake Juneau in his official capacity be **DISMISSED**

**WITH PREJUDICE** as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. §§

1915(e) and 1915A and that this matter be referred to the undersigned for further proceedings on

Plaintiff's remaining claims, *i.e.*, Plaintiff's claims against Blake Juneau in his official and

individual capacities for declaratory relief and for monetary relief in Juneau's individual capacity

for the act of excessive force allegedly occurring on May 28, 2019.

      Signed in Baton Rouge, Louisiana, on November 15, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[74] Plaintiff fails to make any claims against the "John Does" in his Complaint, and as discussed above, to the extent the allegations made against "all parties" relate to the "John Does" or Gooden, Lamartinere, Davis (1) or Davis (2), they fail for the reasons stated.